IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ANTONIO THOMPSON | : | |
| --- | --- | --- |
| | : | |
| v. | : | CIVIL NO. CCB-12-2632 |
| | : | Criminal No. CCB-09-0128 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# MEMORANDUM

Federal prison inmate Antonio Thompson was convicted by a jury on December 10, 2009, of possession with intent to distribute 50 grams or more of cocaine base (Count One) and unlawful possession of a firearm by a convicted felon (Count Two). (Jury Verdict, ECF No. 54). On March 19, 2010, he was sentenced to 300 months' incarceration on Count One and 120 months' incarceration, concurrent, on Count Two. (Judgment, ECF No. 58). His conviction was affirmed on appeal on April 12, 2011, *United States v. Thompson*, 423 F. App'x 334 (4th Cir. 2011), and the mandate issued May 4, 2011, (Mandate, ECF No. 80). The timeliness of his pending motion to vacate under 28 U.S.C. § 2255, apparently delivered to prison authorities for mailing on August 10, 2012, (Pet., ECF No. 81, at 58), has not been challenged by the government. For the reasons stated below, the petition will be denied.

Thompson asserts that his counsel was ineffective in several ways, relying on *Strickland v. Washington*, 466 U.S. 668 (1984). First, he argues trial counsel was ineffective for failing to protect Thompson's right to confront his accuser and failing to properly investigate his prior record. (Pet. at 40-41, 54-55; Reply, ECF No. 86, at 2-6). The confrontation argument relates to the admission of statements by a confidential informant (CI) who did not testify. The government, however, did not elicit any statements by the informant; rather, Detective Minton testified to his personal observations of the transaction between Thompson and the CI. (Trial

Tr., ECF No. 72, at 38-40, Dec. 7, 2009). On cross, defense counsel questioned the detective only about the CI's identification of the person involved in the transaction as "Bones," which Detective Minton said he was not able to verify as a name applicable to Thompson. (Trial Tr. at 63-64). It does not appear that any out-of-court statement by the CI was introduced for the truth of that statement against Thompson. Regarding Thompson's prior record, his state court conviction for a controlled substance offense in 1995 was, in fact, a felony for which he was sentenced to three years in prison. (Zayon Decl., ECF No. 85-1, ¶¶ 6, 7).

Second, Thompson argues that appellate counsel was ineffective for failing to challenge "uncorroborated" 404(b) evidence regarding heroin; failing to challenge the sufficiency of the evidence; failing to argue that the Fair Sentencing Act's mandatory minimum sentences should apply to Thompson; and failing to argue that the penalties in 21 U.S.C. § 841 for crimes involving cocaine base apply only to "crack" cocaine, a specific form of cocaine base. (Pet. at 11-39, 42-53; Reply at 6). Thompson has shown no prejudice, however, because none of these arguments would have prevailed. The minimal testimony regarding heroin was properly admitted and accompanied by a limiting instruction; the evidence was more than sufficient to convict; and the Fair Sentencing Act, even if retroactively applicable to Thompson, would not have controlled the sentence in light of Thompson's prior conviction and the government's filing of a notice under 21 U.S.C. § 851. The court's 25-year sentence took into account, under 18 U.S.C. § 3663(a), the disparity between the penalties for crack and powder cocaine. (Sentencing Tr., ECF No. 69, at 21-22, Mar. 19, 2010). Further, there is no legal support for the argument that the penalties for "crack" differ from those applicable to other forms of cocaine base.

Accordingly, the petition will be denied without an evidentiary hearing. No certificate of appealability under 28 U.S.C. § 2253 is warranted.

A separate Order follows.

<u>December 17, 2013</u>                                                           <u>           /s/           </u>
       Date                                                                     Catherine C. Blake
                                                                               United States District Judge