_____ FILED_____ ENTERED
_____ LODGED_____ RECEIVED

JAN 1 5 2020 bR

..T BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-09-0128 |
| | * | |
| ANTONIO THOMPSON | * | |

\*\*\*\*\*\*\*

## MEMORANDUM AND ORDER

Now pending is the motion by Antonio Thompson for a reduced sentence under Section 404 of the First Step Act of 2018 ("FSA"). For the reasons that follow, the motion will be granted, to the extent that Thompson's sentence will be reduced to 180 months.

Thompson was found guilty by a jury on December 11, 2009, of two charges: Count One, possession with intent to distribute 50 grams or more of crack cocaine; and Count Two, felon in possession of a firearm. Because the government filed an § 851 notice, the statutory maximum on Count One was life, and Thompson's career offender guidelines were 360 months to life (37/VI). At sentencing on March 19, 2010, the court granted the equivalent of a two-level downward variance, and sentenced Thompson to 300 months on Count One and 120 months concurrent on Count Two.

In 2014, under Amendment 750, the government agreed to a guideline range of 235-293 months (the equivalent of OL33/CHVI), and the court sentenced Thompson to 240 months, which was the mandatory minimum because of the § 851 notice.

Currently, Thompson's guidelines would not be below the previously established range of 235 to 293 months, but, as the government concedes, Thompson is eligible for relief. *See United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019). Thompson seeks a reduction to 175 months on Count One; the government opposes any further reduction.

Eligibility does not mandate a reduction; the court should consider the factors under 18 U.S.C. § 3553(a), and may include post-offense conduct in making its determination. It should be noted that the § 851 notice would not be applicable in Thompson's case today, and his quantity-based guidelines without the career offender enhancement would be only 92 to 115 months (OL26/CHIV).

The defense provides evidence, which the government does not dispute, of Thompson's post-offense rehabilitation. He has done well in the BOP, with substantial programming and relatively few infractions. He has family support and reasonable reentry plans. While his offense was serious, a sentence of 15 years is sufficient to recognize that seriousness and provide both specific and general deterrence.

Accordingly, the motion (ECF Nos. 109, 114) is **GRANTED,** to the extent that the sentence will be reduced to 180 months on Count One. An amended J&C will be issued.

So Ordered this 15th day of January 2020.

_____
Catherine C. Blake
United States District Judge