IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-09-128 |
| | * | |
| ANTONIO THOMPSON | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending is Antonio Thompson's pro se motion for home confinement pursuant to the First Step Act. (ECF 128). Thompson requests home confinement on the basis that FCI Fairton, where he is currently housed, is taking insufficient health precautions to protect Thompson from COVID-19. Thompson also attaches documents appearing to show that he has exhausted his administrative remedies.

Initially, the court is without authority to grant home confinement, as "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)). To the extent Thompson requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the court is not persuaded that the conditions at FCI Fairton constitute an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[1] Thompson does not state that he

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *2–3 (D. Md. Apr. 6, 2020) (citing cases).

has any underlying conditions that would increase his risk of severe illness related to COVID-19. While the court acknowledges Thompson's concerns about the conditions at FCI Fairton, without evidence that Thompson himself is particularly vulnerable to COVID-19, the court does not find that the conditions provide a basis for compassionate release.

Accordingly, Thompson's motion for home confinement, construed as a motion for compassionate release, (ECF 128), is DENIED WITHOUT PREJUDICE.

So Ordered this __26th__ day of August, 2020.

                _____/S/_____
                Catherine C. Blake
                United States District Judge