IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-09-128 |
| | * | |
| ANTONIO THOMPSON | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Now pending is Antonio Thompson's second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 131). As he did in his first motion, Thompson seeks relief on the basis that Fairton FCI, where he is currently incarcerated, has experienced an outbreak of COVID-19.

The court remains unpersuaded that Thompson's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Thompson does not state that he has any underlying medical conditions that would increase his risk of severe illness from COVID-19. While the court acknowledges Thompson's concern that COVID-19 has reached Fairton FCI (indeed, Fairton FCI has had nearly 300 inmates test positive for the virus at some point, *see COVID-19 Coronavirus,* Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Mar. 2, 2021)), without evidence that

---

[1] 28 U.S.C. § 994(t) gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act of 2018 and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Thompson himself is particularly vulnerable to COVID-19, the court cannot find that the current conditions at Fairton FCI *alone* constitute an "extraordinary and compelling" reason for his release.

To the extent that Thompson requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)). The court appreciates, however, the efforts Thompson has made toward his rehabilitation and his family support, and would not object to the BOP's placement of Thompson on home confinement as soon as he is eligible.

Accordingly, Thompson's motion for compassionate release (ECF 131) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __2nd__ day of March, 2021.

                                                           /S/
                                            Catherine C. Blake
                                            United States District Judge